Carmen K. REED, Respondent,

v.

CONTINENTAL WESTERN INSUR-
ANCE COMPANY, Appellant.

No. C0–84–881.

Court of Appeals of Minnesota.

Oct. 23, 1984.

Review Granted Jan. 14, 1985.

Fredric A. Bremseth, Stone, Ribble, Bremseth, Meyer & Wood, Minneapolis, for respondent.

Robert E. Salmon, Thomas L. Adams, Meagher, Geer, Markham, Anderson, Flaskamp & Brennan, Minneapolis, for appellant.

Heard, considered and decided by WOZNIAK, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

FORSBERG, Judge.

This is an action to determine the rights under an insurance policy. Continental appeals from the April 16, 1984 summary judgment which found Carmen Reed to be covered under the policy. Continental denies coverage, claiming Reed is not an insured under the policy because none of the Reed vehicles were licensed, garaged, or being operated in Minnesota at the time of the accident. Additionally, Continental denies coverage because the insured made a claim to another insurance company on a different priority level as defined in the No-Fault Act.

## FACTS

This action arises out of an automobile accident which occurred in Minnesota. Respondent Reed was driving a car owned by Leeder, a Wisconsin resident. Reed is a resident of Iowa. Her father is insured by appellant, Continental Western. Immedi-

ately following the accident, Reed made a claim for benefits to Continental. The company refused to pay any basic economic loss benefits. Reed also made a claim for medical benefits to Allstate, the insurer of the Leeder vehicle who paid $20,000.00 in medical benefits.

## ISSUES

1. Does the Minnesota No-Fault Act obligate a licensed insurer to provide basic economic loss benefits for an accident in Minnesota even though the insured is a non-resident, and her vehicle is not in Minnesota at the time of the accident?

2. Is an insured barred from recovering economic loss benefits from an insurer who is a primary obligor who initially refused coverage because the insured received payments from another carrier?

## ANALYSIS

### I.

 This case is governed by *Western Nat. Mutual Ins. Co. v. State Farm Ins.*, 353 N.W.2d 169 (Minn.App.). In that case we held an insurer licensed to do business in Minnesota is required to afford basic economic loss benefits to a non-resident policyholder on an accident that occurs in Minnesota even though her vehicle was not present in Minnesota at the time of the accident. Therefore, we affirm the trial court on this issue.

### II.

 Appellant also argues that Reed cannot stack benefits because the applicable policies are at different priority levels— i.e. recovery under level 4(b) M.S.A. 65B.47 against Allstate, the involved vehicle, and level 4(a) the policy which she alleges she is an insured under the Minnesota No-Fault Act.

However in this case, Reed attempted to collect $90,000 from Continental, the primary insurer, and only because she desperately needed to pay the medical bills did she apply to Allstate who probably could have refused to pay. *Washe v. Milbank,*

268 N.W.2d 913 (Minn.), which appellant cited as authority, did not involve policies at different priority levels. Perhaps an insured should be compelled to collect only from the primary obligor and, perhaps, Allstate may have a subrogation right pursuant to 65B.47 subd. 6. Reed did not have that option since Continental simply would not pay the claim.

## DECISION

Affirmed.